### TREADWELL v. LENNIG.

*(Circuit Court, E. D. Pennsylvania. April 25, 1892.)*

1. EQUITY—EVIDENCE—ANSWER UNDER OATH.
    Matter contained in an answer made under oath, when an oath thereto is waived in the bill, is not evidence for the respondent after replication and proofs, even when the respondent has died since the answer filed.
2. SAME—BOOK OF ACCOUNTS.
    A book of accounts, referred to in the answer, but not offered in evidence, is not made evidence because the complainant called for it, and asked, when it was produced, some questions about it which brought out its contents.
3. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS—CROSS-EXAMINATION.
    Evidence elicited by cross-examination of complainant testifying on his own behalf in a suit against the representatives of a decedent, as to matters independent of the matters inquired about in direct examination, are competent as against respondent, and would not be affected by an objection to the competency of the witness.

In Equity. Bill for an account against Nicholas Lennig and John B. Lennig, executors of Charles Lennig, deceased.

*Demming & Logan* and *Charles M. Demond*, for appellant, cited, as to whether the book of accounts was made evidence by being called for by the respondent: *Carradine* v. *Hotchkiss*, 120 N. Y. 608, 24 N. E. Rep. 1020; *Smith* v. *Railway Co.*, (Sup.) 16 N. Y. Supp. 417; *Carr* v. *Gale*, 3 Woodb. & M. 59; *Austin* v. *Thompson*, 45 N. H. 113: *Withers* v. *Gillespy*, 7 Serg. & R. 10.

*Charles Hart* and *Angelo T. Freedley*, for respondent.

BUTLER, District Judge. The bill is for an account based on the following facts: On May 12, 1884, the complainant borrowed of Charles Lennig, now deceased, $3,000, on his promissory note, and a transfer, as collateral, of 6,000 shares of the United Verd Copper Mining Company. The note was payable in six months from date, and contained the following provision:

"The holder of this note may sell the shares of stock at public or private sale at any time or times hereafter, without reference or notice to me, and with the right on the part of the holder of this obligation to become the purchaser at such sale or sales of the whole or any part of said collaterals, freed and discharged of any equity of redemption, and to transfer, assign, and deliver up the same."

When the note matured another was given in renewal for an additional period of six months. This last note matured June 2, 1885, and

---

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

was neither renewed nor paid. Mr. Lennig continued to hold the note and stock until December, 1888, when he sold the latter for $6,000, being $1 per share. The answer admits the foregoing facts substantially as stated in the bill; but avers that Mr. Lennig appropriated the stock to the payment of the note, on January 10, 1887, at a little over 50 cents per share, which he says was its full value at that time, and denies liability for any further credit.

The jurisdiction of the court is denied in the defendant's printed brief, but was admitted on the argument; and the subject need not, therefore, be considered.

In our view of the facts it is unnecessary to examine the question raised respecting Mr. Lennig's right to make the alleged appropriation. The burden of proving that he did make it is on the respondent; and he has not produced any evidence which tends, even, to prove it. The statement in the answer is not evidence—the respondent's oath having been waived. Neither is Mr. Lennig's book, or his statements to Mr. Jerome, evidence. His declarations cannot be used against the complainant. The book is not in evidence; the respondent did not offer it; and it could not have been received if he had. The fact involved is not susceptible of proof by book account. The circumstance that the complainant called for the book, referred to in the answer, and that when it was produced he asked some questions respecting it which brought out its contents, does not make the book or account evidence against him. Not only is there no evidence to support the alleged appropriation, but there is evidence to the contrary—evidence which seems to show pretty clearly that it was not made. The complainant's testimony, on examination by the respondent, if true, puts the question beyond doubt. The respondent thinks this testimony is inadmissible—that the witness was incompetent to give it. We do not agree with him. Without regard to the question whether he was competent to testify respecting the matters inquired about by his own counsel, and in his own behalf, he was fully competent to testify to any other independent matter about which the respondent might inquire. The objection noted when he was first called, if sustained, would remove from the case all he had said on his own behalf, in chief, and what he had said on cross-examination respecting this; but when the respondent passed beyond and inquired about other independent matters, respecting which his own counsel could not inquire, the answers were clearly competent. The respondent had the right thus to examine the witness; but he cannot get rid of the answers after obtaining them by such objection to his competency. He was competent to any extent when examined by the respondent. The fact that Mr. Lennig retained the note and did not inform the complainant of the alleged appropriation of the stock, is also entitled to much weight. It was his duty to return the note and give information, if he thus applied the stock and canceled the debt, and to do it promptly. But there is no evidence that he did either. It was not pretended that he returned the note. If he had informed the complainant of the cancellation of the debt, it seems more

than probable—virtually certain—that he would at the same time have returned the note, as his duty required. The bill must be sustained, and a decree may be prepared accordingly.