WILLIAM G. HACKSTAFF and Another, as Executors, etc., of ANNA G. HACKSTAFF, Deceased, Plaintiffs, *v.* CHARLES L. HACKSTAFF, Defendant.

*Cross-examination of a party disqualified under section 829 of the Code of Civil Procedure — his redirect examination on the same subject.*

Where testimony, elicited upon the cross-examination of a witness during the trial of an action, refers in part to certain conversations of the witness with the testator of the adverse party, such witness, upon his redirect examination, may testify as to the whole of such conversations, notwithstanding the fact that such conversations would have been inadmissible in evidence under section 829 of the Code of Civil Procedure, had he been asked to testify as to them upon his direct examination.

MOTION by the defendant, Charles L. Hackstaff, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit on the 15th day of January, 1894.

*C. A. de Gersdorff*, for the plaintiffs.

*Charles De Hart Brower*, for the defendant.

PARKER, J.:

A careful examination of the evidence satisfies us that the trial court did not err in directing a verdict for the plaintiffs upon the evidence as it stood at the close of the trial. But several exceptions were taken to the refusal of the court to allow the defendant to testify fully on redirect examination concerning certain conversations had with the deceased, about which inquiry was made of the defendant on cross-examination.

The ground of the objection was that the evidence was inadmissible under section 829 of the Code of Civil Procedure. So it would have been had not the plaintiffs opened the door for its admission by inquiries of the defendant in respect to it on his cross-examination.

The sum in controversy was $4,491.78. The plaintiffs, as executors of Anna G. Hackstaff, claimed that these moneys belonged to her estate; defendant, that she had given them to him in her lifetime. Those moneys with others were collected by the defendant from tenants of Mrs. Hackstaff during a period of years with her consent. Apparently for the purpose of showing a retention of control over the moneys by the decedent, and thus negativing defendant's claim that he held them as a gift, defendant was asked by the plaintiffs on cross-examination whether his mother knew of the account he had in trust for her in the Seamen's Bank, and whether she kept track of the deposits made in defendant's name in trust for her in such bank. Inquiry was also made about conversations between the decedent and witness relating to the payment of taxes on her property, and the saving of money for that purpose. Other subjects of conversation between them, tending in the same general direction, were inquired about, but those already referred to will sufficiently present the error into which we think the trial court fell.

It should be said that counsel insists that the testimony to which we have referred was volunteered by the witness. If such were the fact, it is not disclosed by the record, which we must assume to be correct. The inquiries to which we have referred entitled the defendant to call out the whole of the conversations thus referred

to. (*Nay* v. *Curley*, 113 N. Y. 575.) This defendant attempted to do by the following questions : " Q. You were asked on cross-examination in regard to having advised your mother as to the accounts in trust for her. What conversations did you have, if any, with your mother in reference to the accounts in trust? Q. What conversation, if any, did you have with your mother in reference to saving up money for taxes from the Church street rents ? "

They were severally excluded, and the exceptions taken to the rulings require a reversal of the judgment; for the court cannot know but that the answers if given might have had a very important, perhaps a controlling, influence upon the question in issue between the parties.

The judgment should be reversed and a new trial granted, with costs to the defendant to abide the event.

Van Brunt, P. J. and O'Brien, J., concurred.

Judgment reversed, new trial ordered, costs to defendant to abide event.