Judgment reversed, with costs, complaint dismissed and judgment ordered as directed in opinion. Order to be settled on notice.

———

In the Matter of the Transfer Tax upon the Estate of HARMON HENDRICKS, Deceased. BLANCHE HENDRICKS, Individually and as Sole Executrix of HARMON HENDRIKS, Deceased, Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

(*Supreme Court, App. Div., First Department, July* 10, 1914)

GIFT INTER VIVOS*—TRANSFER OF CERTIFICATES OF STOCK BY HUSBAND TO WIFE—TRANSFER TAX—TRANSFER IN CONTEMPLATION OF DEATH OF GRANTOR.

  Where a testator, seventy-four years of age, but in good health, on the day of the execution of his will took certificates of stock from a safe deposit box which was held in the joint names of himself and wife, and delivered them to her together with assignments thereof, in the presence

———

* See Vol. II, p. 247.

of their son, accompanied by words of gift, and she immediately handed the certificates back to him and the next day they were returned to the safe deposit box, and later he transferred to her other certificates of stock in the same manner, but no record thereof was made on the books of the corporation until after the testator's death, and he, up to the time of his death, collected the dividends and deposited the same to his credit, in an account from which his wife also had the right to withdraw funds, and these circumstances were later embodied in a written agreement expressly stating that title to the stocks had been transferred to the wife, a valid gift *inter vivos* was effected, and such stocks are not subject to a transfer tax, upon the ground that the transfer was made in contemplation of the death of the grantor.

APPEAL by Blanche Hendricks, individually and as sole executrix, etc., from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 9th day of May, 1914, affirming an order assessing a transfer tax.

Samuel Riker, Jr. [T. Ludlow Chrystie of counsel], for the appellant.

Moses R. Ryttenberg, for the respondent.

McLAUGHLIN, J.— Harmon Hendricks, a resident of the State of New York, died on the 27th of April, 1912. He left a last will and testament which was admitted to probate and letters testamentary issued to his widow, the appellant, the sole executrix therein named. Transfer tax proceedings were instituted by her and the appraiser appointed included among the assets of the estate of the testator certain stocks which she claimed were her own property. An order was subsequently entered in the Surrogate's Court affirming an order assessing a transfer tax upon these stocks, from which she appeals.

The will was executed on the 27th of March, 1911, and on that day the deceased took from a safe deposit box, which was held in the joint names of himself and the appellant, some

of the certificates of stock in question. These certificates, together with assignments, he delivered to her, in the presence of their son, accompanied by words of gift. She immediately handed the certificates back to him and the next day they were returned to the joint safe deposit box. In June following the remainder of the stocks in controversy were dealt with in the same manner. The stocks were not transferred to the appellant on the books of the corporations until after the husband's death. After the certificates had been delivered the husband, up to the time of his death, collected the dividends and deposited the same to his credit in a bank account from which the appellant also had the right to withdraw funds. The appellant had considerable property in her own right and was also a beneficiary of a trust fund. The income from these sources had also for a number of years been collected by her husband and deposited with his own income in this same account, which had been used to pay the general expenses of the decedent and his family.

At the time the certificates of stock were delivered the decedent was seventy-four years old, but in good health, and his death was the result of an operation to remedy a malady which was not of a lingering nature. Subsequent to the time when the deliveries were made the deceased consulted his attorney in relation thereto. The attorney testified that in answer to questions put by him the deceased said that the certificates and assignments had been actually delivered to his wife; that the gifts were not made in contemplation of death, but because he wanted his wife to have them, since she had contributed liberally towards the maintenance of the household for many years; that the reason why he did not have the stocks transferred on the books of the corporations was because he received all of the income from his wife's property, which he deposited to the credit of his own account; and that he might wish to use some of the stocks as collateral in case he desired to purchase other stocks. The attorney then advised him that an

16

agreement should be prepared, setting forth exactly what the arrangement was, and on October 9, 1911, the parties entered into such an agreement. It recited that Hendricks had theretofore assigned, transferred and set over to his wife the stocks in question, and at her request had retained the certificates; that it was mutually agreed he was to retain them in his custody until she should demand them, and he was, in the meantime, authorized to collect the dividends thereon, sell, exchange or otherwise dispose of the stocks for any purpose he might wish, without in any way being accountable therefor. The agreement also contained this clause: " It is expressly understood and agreed, however, that the title to said stocks is and has been for some time past vested in the party of the second part [the wife] and nothing herein shall in any way affect the same."

The learned surrogate was of the opinion that the gifts were not made in good faith and were not intended to take effect in possession or .enjoyment until after Hendrick's death.

Section 220 of the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], as amd. by Laws of 1911, chap. 732) provides for a tax on the transfer of stocks subject to tax when the transfer is made by will, intestate law, or " by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." All the elements necessary to constitute a valid gift *inter vivos* are here present. The evidence establishes an intent on the part of the donor to give, a delivery of the thing given, and an acceptance by the donee. (Beaver v. Beaver, 117 N. Y. 421; Matter of Bolin, 136 id. 177.) It is true a gift must be established by evidence that is clear and satisfactory. (Tompkins v. Leary, 134 App. Div. 114; Hemmerich v. Union Dime Savings Inst., 205 N. Y. 366.) But after the gift is made complete by delivery it is not necessary that the donee shall retain possession of the

property, and it may be redelivered to the donor as the agent of the donee.   (Gannon v. McGuire, 160 N. Y. 476.)

The certificates were actually delivered, and the only possible question remaining is as to the purpose and intent of such delivery.   Bearing upon that we have the uncontradicted testimony of the donee, her son, the attorney for the donor, and in addition, the formal written declaration of the decedent himself.   The character of this evidence is such that had an action been brought by her against him to establish her title to the stocks, it would — the evidence being the same as here — necessarily have resulted in her favor.   The learned surrogate, as appears from his opinion, reached the conclusion which he did by reason of the fact that the control which this deceased could exercise over the stocks was greater than that reserved to the donor in Matter of Brandreth (169 N. Y. 437) and Matter of Cornell (170 id. 423).   But it is the source and not the extent of the control which is important.   In each of these cases the donor, at the time of making the gifts, reserved to himself the income of the property during his life.   To that extent the gifts were conditional.   Here the transfers of the certificates did not have attached to them any condition or reservation whatever.   The source of the donor's control was an agreement subsequent to the gifts and not a condition attached to them.   The stocks in question did not belong to the deceased at the time of his death, they are not a part of his estate, and, therefore, not subject to a tax.   A conclusion to the contrary would be without evidence to support it.

The order appealed from, so far as it imposes a tax upon such stocks, is reversed, the appraiser's report modified accordingly, and the matter remitted to the Surrogate's Court to enter an order as indicated in this opinion, with ten dollars costs and disbursements to the appellant.

INGRAHAM, P. J., SCOTT, DOWLING and HOTCHKISS, JJ., concurred.

Order reversed to extent stated in opinion and the matter remitted to Surrogate's Court for further action in accordance with the opinion of this court, with ten dollars costs and disbursements to the appellant. Order to be settled on notice.