## In re CLEVELAND'S ESTATE.

### (Surrogate's Court, New York County. May 14, 1915.)

1. TAXATION ⏀⟾900(5)—TRANSFER TAX—APPEAL—NECESSITY OF OBJECTIONS.

    In a proceeding for the assessment of a transfer tax, where it did not appear that stamps were not affixed to securities transferred by an alleged gift inter vivos, and proof of the transfer was received without objection, the question will not be reviewed on appeal.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. ⏀⟾900(5).]

2. TAXATION ⏀⟾533, New, vol. 11 Key-No. Series—STOCK TRANSFERS—STAMP TAX—FAILURE TO AFFIX STAMPS—EVIDENCE.

    Under the Stock Transfer Act (Laws 1913, c. 600), where proper proof is offered to show that a transfer of securities was not accompanied by the imposition of stamps, evidence as to the transfer will not be received.

Proceeding to assess transfer taxes in the estate of Henry A. Cleveland, deceased. From an order fixing the tax, the State Comptroller appeals. Order affirmed.

For decision of Appellate Division, affirming order here entered, see 155 N. Y. Supp. 1098.

Schuyler C. Carlton, of New York City, for appellant.
Francis Lynde Stetson, of New York City, for respondents.

COHALAN, S. This is an appeal by the state comptroller from the transfer tax appraiser's report and the order entered thereon, in that the appraiser erred in exempting from taxation the transfer of certain securities.

The appellant's contention is based on two grounds: (1) That the

gift was not inter vivos, but was made in contemplation of death, and hence was taxable; and (2) that, as the transfer of the securities was not attested by stock transfer tax stamps, it cannot be regarded as a valid transfer. The proof offered concerning the gift is both sufficient and of a character to entitle it to be classed as one inter vivos. Matter of Hendricks, 163 App. Div. 413, 148 N. Y. Supp. 511, affirmed by Court of Appeals, 214 N. Y. 613, 108 N. E. 1095.

[1, 2] As to the test applied by reason of the Stock Transfer Act, there is not sufficient proof on the record to show that the transfer was not accompanied by the imposition of stamps upon the securities. Moreover, if proper proof on this point had been produced, an objection to the reception of evidence as to the transfer would have been tenable. Matter of Ball, 161 App. Div. 87, 146 N. Y. Supp. 499. No objection of this kind was noted. I therefore find that the transfer of the said securities by the decedent to Jessie (Botts) Kenyon was a gift inter vivos, and, being such, was not liable for a transfer tax.

The appeal is dismissed, and the order fixing tax affirmed.