JOHN E. STAIR and Another v. FRANK McNULTY.[1]

May 26, 1916.

Nos. 19,691—(95).

**Conversations with deceased person — cross-examination of interested party.**

By cross-examining an interested party relative to conversations with a deceased person, the cross-examining party waives the right given by G. S. 1913, § 8378 (R. L. 1905, § 4663), to exclude such testimony; and the party examined may give further testimony as to such conversations at any appropriate time in the trial though not questioned relative thereto on redirect.

Action in the district court for Hennepin county by copartners doing business as Stair, Christensen & Timerman to recover $5,000 upon a promissory note. The answer denied that the note was executed for a valuable consideration and alleged that prior to the commencement of the action plaintiffs for a valuable consideration discharged and released all demands which they claimed to have against defendant on account of any matter whatever, including the note in action. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiffs for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Frank McNulty,* for appellant.

*Kerr, Fowler, Schmitt & Furber,* for respondents.

DIBELL, C.

Action on a promissory note made by the defendant to Charles A. Christiansen, one of the plaintiffs, and by him indorsed in blank. There

[1] Reported in 157 N. W. 1073.

was a trial to the court without a jury and findings and judgment for the plaintiffs. The defendant appeals from the judgment.

The court found that at the date of the execution of the note the Independent Elevator Company, a South Dakota corporation, was indebted to the plaintiffs in excess of $70,000; that the plaintiffs insisted that the account be reduced as a condition to the continuance of business relations; that the defendant was the vice president and director of the elevator company; that he made the note in suit to Christiansen and left it with one Norby as the manager of the elevator company; that Norby delivered it to the plaintiffs in part payment of the debt of the company in compliance with their demand that the debt be reduced; and that it was credited by the plaintiffs in reduction of the debt. The court did not find what the arrangement was between the defendant and the company resulting in the making of the note, what the consideration if any was, or what the authority of Norby was to deliver the note or otherwise dispose of it. The defendant denied the delivery of the note and that there was a consideration for it. The circumstances under which he passed the note to Norby were material. Norby died prior to the trial.

The defendant was a witness in his own behalf. On direct, he testified that he did not give the note to Christiansen or to anyone with the intention that it should become a valid note; and that he never received any money or property or thing of value from Christiansen on account of it. On cross, he testified that he executed the note at the request of Norby; that Norby explained to him why he wanted the note and mortgage signed; that Norby told him that the company owed the plaintiffs a large amount of money; and that Norby did not say that he wanted the note given to reduce the indebtedness nor anything about it. On redirect the defendant was not questioned as to his arrangement with Norby. Upon sur-rebuttal it was sought to prove by him the conversations with Norby resulting in the giving of the note and the leaving of it with him. Objection was made upon the ground that the testimony called for a conversation with a deceased person. See G. S. 1913, § 8378 (R. L. 1905, § 4663). The objection was sustained. The defendant then offered to prove that when he left the note with Norby he told him to keep it and not to give it to anyone until further directions. An objection upon the same ground was sustained to the offer. What the arrangement between

the defendant and Norby was when the note was made was a relevant inquiry. Except for the statute it could be shown by the conversations between Norby and the defendant. The defendant claims that the plaintiffs by their cross-examination waived the right to exclude such conversations.

In the case of In re Hess' Estate, 57 Minn. 282, 59 N. W. 193, where conversations touched upon in cross were shown in redirect, the court said: "The statute makes any person a party to or interested in the result of a suit incompetent to testify to conversations with a deceased person. But the opposite party must respect this statute himself. If he cross-examines such a witness as to such conversations, so as to bring out a partial statement of any such conversation, he thereby waives the statute, and on redirect examination the witness is competent to give the whole of such conversation, or qualify or explain the same."

In Moe v. Paulson, 128 Minn. 277, 150 N. W. 914, where a witness called for cross-examination under the statute as an adverse party gave testimony of conversations with a deceased, and on further examination detailed the conversations, the court said: "The statute is not an absolute prohibition of such evidence, and the right to exclude it when offered may be waived. The right to exclude it is waived when the party entitled to object to its reception by cross-examination requires the prohibited witness to state the conversation or a part thereof."

The cases in other jurisdictions are to the same effect. In re Wharton, 132 Iowa, 714, 109 N. W. 492; Fox v. Barrett's Estate, 117 Mich. 162, 75 N. W. 440; Clift v. Moses, 112 N. Y. 426, 20 N. E. 392; Hackstaff v. Hackstaff, 82 Hun, 16, 31 N. Y. Supp. 11; Plowman v. Nicholson, 81 Kan. 210, 105 Pac. 692; Edwards v. Latimer, 183 Mo. 610, 82 S. W. 109; Clad's Estate, 214 Pa. St. 141, 63 Atl. 542; 4 Jones, Ev. § 784, and cases cited.

The difference between the cases cited and the one at bar is that in them the further testimony as to the conversations was elicited immediately after the examination by the objecting party, while here it was sought to elicit it on sur-rebuttal. We do not think that the effect of the waiver should be so restricted that it is inoperative, unless the adverse party proposes the additional testimony upon redirect or at the first opportunity. It may be noted, though we do not make it an item of im-

portance, that it was largely through the testimony of one of the plaintiffs as to conversations with Norby that the transaction resulting in the delivery of the note by him to them was shown. This testimony the court refused to strike upon sustaining the objection to the defendant's testimony as to the conversations. It did not appear at the trial that Norby was dead until the plaintiffs objected to the proposed testimony of the defendant and some importance is attached to this. We do not think it important. From what occurred it is rather to be assumed that both parties, the plaintiffs as well as the defendant, knew of it throughout; at least it does not appear that they did not.

We do not suggest that the offered proof was at all controlling or determinative of the result. It was relevant.

Judgment reversed.