GRISSOM, Collector of Internal Revenue, v. STERNBERGER et al.

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2367.

1. Internal revenue ⬤≫38—Evidence held sufficient to go to jury on question of delivery of stock certificates to donor's children as gift before his death (Revenue Act Sept. 8, 1916, 39 Stat. 756).

In action to recover amount erroneously paid as federal estate tax, under Revenue Act Sept. 8, 1916, evidence *held* sufficient to go to jury on question of delivery of stock certificates to donor's children as gift before his death.

2. Gifts ⬤≫21—Delivery may be made to third person as trustee for donee's benefit, even if donee does not know of gift until after donor's death.

Delivery need not be made directly to donee to complete gift, but may be made to third per-

son as trustee for donee's benefit, even if donee does not know of gift until after donor's death.

3. Gifts ⊕⇒29—Neither indorsement of stock certificates nor transfer on corporation's books, as required by statute, is essential to validity of gift of stock physically delivered (C. S. N. C. § 1164).

It is not necessary to validity of gift of stock physically delivered under written assignment that stock certificates be indorsed or transferred on corporation's books; requirement of C. S. N. C. § 1164, relating to transfer on corporation's books being for corporation's protection.

4. Gifts ⊕⇒50—Receiving dividends, voting stock, and acting as director held not to justify conclusion as matter of law that there was no gift of stock before donor's death (Revenue Act Sept. 8, 1916, 39 Stat. 756).

That donor of stock received dividends, voted stock, and continued to act as director and treasurer of corporation until his death *held* not to justify conclusion as matter of law that there was no gift of stock during his lifetime, within Revenue Act Sept. 8, 1916, in face of positive contrary testimony, notwithstanding statute requiring directors to be stockholders.

5. Courts ⊕⇒406(1).

On writ of error, Circuit Court of Appeals will not weigh evidence, or decide issues of fact.

6. Witnesses ⊕⇒178(3)—Admission of plaintiff's testimony as to agreement with decedent held not error, where defendant had gone into matter on cross-examination (C. S. N. C. § 1795).

It was not error to permit plaintiff to testify to agreement with decedent, under C. S. N. C. § 1795, forbidding interested parties from testifying as to transactions with deceased persons, where defendant had previously gone into matter on cross-examination.

7. Appeal and error ⊕⇒979(1).

Discretion of trial court in passing on sufficiency of evidence, and in refusing to set verdict aside, is not reviewable, in absence of clear abuse.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; Edwin Y. Webb, Judge.

Action by Sigmund Sternberger and another, executors of the estate of H. Sternberger, deceased, against Gilliam Grissom, United States Collector of Internal Revenue for the State of North Carolina. Judgment for plaintiffs, and defendant brings error. Affirmed.

T. J. Harkins, Asst. U. S. Atty., of Asheville, N. C., and Thomas H. Lewis, Jr., Sp. Atty. Bureau of Internal Revenue, of Washington, D. C. (F. A. Linney, U. S. Atty., of Charlotte, N. C., and A. W. Gregg, Sol. of Internal Revenue, of Washington, D. C., on the brief), for plaintiff in error.

Sidney J. Stern and A. L. Brooks, both of Greensboro, N. C. (E. S. Parker, Jr., and Julius C. Smith, both of Greensboro, N. C., on the brief), for defendants in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. This was an action brought by the executors of H. Sternberger against the collector of internal revenue of the United States for the state of North Carolina, to recover the sum of $36,-559.74, with interest and costs, which sum is alleged to have been erroneously collected as a federal estate tax under the Revenue Act of 1916 (39 Stat. 756). The sole question in the case was whether 840 shares of the capital stock of the Revolution Cotton Mills were given by H. Sternberger to his children on June 1, 1915, or whether same remained his property until the time of his death. This question was properly submitted to a jury, who answered it in favor of the plaintiff.

The deceased, H. Sternberger, died December 22, 1918. On June 1, 1915, three years prior to his death, and more than a year prior to the passage of the Revenue Act of 1916, he delivered the certificates covering the 840 shares of stock to his son, the plaintiff Sigmund Sternberger, together with an assignment in the following language:

"For and in consideration of the sum of One Dollar ($1.00), love and affection and other valuable considerations, the receipt of which is hereby acknowledged, I do hereby sell, transfer and assign and by these presents do deliver the hereto attached 840 shares of stock in the Revolution Cotton Mills to my children as follows:

To Sigmund Sternberger.......... 168 shares
" Sigmund Sternberger, trustee.. 168 "
" Rosa Sternberger............. 168 "
" Sarah Morgolius.............. 168 "
" Jeanette Baach............... 168 "

"Witness my hand and seal, this the 1st day of June, 1915.

"H. Sternberger. [Seal.]
"Witness: S. J. Stern."

Sigmund Sternberger took the stock certificates with the assignment and placed same with his private papers in his lock box, where he kept them until after his father's death. He testified that his father voted the stock in 1916 and 1917 with the consent of the children, and that he continued to act as treasurer and director of the corporation until his death. He further testified that dividends

on the stock were paid to his father, but that this was under an arrangement with the children by which the dividends were to be used in the payment of insurance premiums on his father's life.

The point principally relied on by defendant is that there was no evidence in behalf of the plaintiff to justify the submission of the case to the jury, and that a verdict should have been directed in behalf of defendant. To sustain this position, defendant relied upon three propositions: (1) That there was no evidence of delivery of the stock certificates to the children of deceased; (2) that the stock certificates were not indorsed, and were not transferred upon the books of the corporation; and (3) that the voting of the stock, the holding of the office of treasurer, and the acting as director of the corporation by deceased, coupled with the receipt of the dividends from the stock, were so inconsistent with the gift alleged as to authorize the direction of a verdict for defendant. We think that there was sufficient evidence to go to the jury on the question of delivery and that the other matters urged upon us were matters to be considered by the jury in determining whether a gift had in fact been made or whether the transaction was merely colorable.

[1, 2] As to the delivery, the evidence is that the deceased handed the stock certificates to his son Sigmund Sternberger with the assignment above set forth. The witness Blackwood testified that prior to June 1st deceased told him that he intended to transfer this stock to his children, and that some time thereafter he told him that he had fixed the transfer. There is evidence that the children knew of the transfer and that they consented to the voting of the stock by their father. It is not questioned that this was a valid delivery in so far as Sigmund Sternberger's interest therein was concerned; and we think it was equally good as to the other donees. It is not necessary to complete a gift that delivery be made directly to the donee; the delivery may be to a third person for the benefit of the donee. And where the property is delivered to such third person for the benefit of the donee, with intention that present title and ownership shall pass, and appropriate language is employed to effect such intention, the gift is executed and the third person is constituted a trustee of the donee. 28 C. J. 639, 640; Grant Trust & Savings Co. v. Tucker, 96 N. E. 487, 49 Ind. App. 345; Martin v. McCullough, 34 N. E.

819, 136 Ind. 331; Re Stockham, 186 N. W. 650, 193 Iowa, 823, 22 A. L. R. 765. Even if the donees other than Sigmund Sternberger had been ignorant of the gift until after the death of their father, the delivery to Sigmund Sternberger was sufficient delivery to them. 28 C. J. 644. And acceptance by Sigmund Sternberger inured to their benefit. Discussing a very similar question the Court of Appeals of Kentucky said:

"He was not only one of the donees, but received the property with the distinct agreement that he was to deliver certain portions thereof to the other donees. He thus became a trustee for the other donees, and the delivery to him for them was sufficient, and being both a joint donee and trustee for the other donees, we conclude that his acceptance was not only sufficient as to him, but inured to the benefit of the other donees." Goodan v. Goodan, 211 S. W. 423, 184 Ky. 79; Talbot v. Talbot, 78 A. 535, 32 R. I. 72, Ann. Cas. 1912C, 1221; Re Stockham, supra.

For the reasons stated we think that the evidence as to delivery was sufficient to justify the court in submitting that question to the jury as was done. Zollicoffer v. Zollicoffer, 84 S. E. 349, 168 N. C. 326; Grant Trust & Savings Co. v. Tucker, supra.

[3] As to the contention that the gift was ineffectual because the stock certificates were not themselves indorsed and the stock was not transferred on the books of the corporation in accordance with the statute of North Carolina (C. S. § 1164), the answer is that neither of these things was essential to the validity of the gift. To constitute a valid gift of stock, it is not necessary that the stock certificates be indorsed when they are physically delivered along with written assignment. Talbot v. Talbot, supra; First National Bank of Richmond v. Holland, 39 S. E. 126, 99 Va. 495, 55 L. R. A. 155, 86 Am. St. Rep. 898; Basket v. Hassell, 2 S. Ct. 415, 107 U. S. 602, 27 L. Ed. 500. And it is well settled that the requirement of the statute as to entering transfers of stock upon the books of the corporation is for the protection of the corporation, and that the failure to enter such transfer upon the corporate books has no effect upon the legality of the transfer as between the parties themselves. Mitchell v. Aulander Realty Co., 86 S. E. 358, 169 N. C. 516; Blakley v. Candler, 84 S. E. 1039, 169 N. C. 16, Ann. Cas. 1917A, 425; Havens v. Bank, 43 S. E. 639, 132 N. C. 223, 95 Am. St. Rep. 627; Union Trust Co. v. Wardell, 42 S. Ct. 393, 258 U. S. 537, 66 L. Ed. 753; Bone v. Holmes, 81 N. E. 290, 195 Mass. 495; Tal-

bot v. Talbot, 78 A. 535, 32 R. I. 72, Ann. Cas. 1912C, 1221, and note at page 1235.

[4, 5] The fact that H. Sternberger received the dividends on the stock and voted it until his death, and the fact that he continued to act as a director and treasurer of the corporation, were facts which strongly tended to show that there was no real gift of the stock during his lifetime; but it was for the jury to say what inferences were to be drawn from these facts, when considered with the other testimony in the case. They did not of themselves justify the court in holding as a matter of law that there was no gift of the stock, in the face of positive testimony to the effect that there was such gift. It is true that the statutes of North Carolina require directors of corporations to be chosen from among the stockholders; but the fact that deceased continued to act as a director and as treasurer after the gift of the stock does not mean that the gift was not made. The gift would invalidate the subsequent service as director, but such service would not invalidate the antecedent gift. It was merely evidence to be considered by the jury as to whether there was in fact a gift as testified. The same is true with regard to the voting of the stock, although there was evidence that after the gift the stock was voted by deceased with the consent of the donees. The receipt of the dividends during the life of the donor was not inconsistent with a present gift. Union Trust Co. v. Wardell, 42 S. Ct. 393, 258 U. S. 537, 66 L. Ed. 753; Shwab v. Doyle, 42 S. Ct. 391, 258 U. S. 529, 66 L. Ed. 747, 26 A. L. R. 1454; Grant Trust & Savings Co. v. Tucker, 96 N. E. 487, 49 Ind. App. 345; Bone v. Holmes, 81 N. E. 290, 195 Mass. 495. All of the foregoing matters were properly received in evidence as tending to show that there was in fact no gift of the stock; but the jury have considered them, together with the other evidence in the case, and have decided that there was a gift, and it is not the province of this court on writ of error to weigh the evidence or to decide issues of fact.

What has been said above disposes of the fourth and fifth assignments of error, which are directed to the giving of instructions to the effect that the receipt of dividends, the voting of stock, and the serving as director and treasurer were not conclusive evidence that the transfer was not absolute. It also disposes of the sixth assignment of error, which complains of an instruction to the effect that an intention on the part of deceased to give the stock to his children coupled with an actual delivery of the stock certificates and the written assignment to Sigmund Sternberger was sufficient to complete the gift.

[6] Defendant contends that there was error in permitting the witness Sigmund Sternberger to testify over objection to an agreement with his deceased father that the dividends on the stock in question should be used to pay premiums on insurance on his father's life; defendant's contention being that the testimony was rendered incompetent by reason of section 1795 of the Consolidated Statutes of North Carolina. This statute forbids testimony by a party or person interested in the event of an action as to a personal transaction with a person since deceased, against the administrator of such deceased person, "or a person deriving his title from, through, or under" such deceased person. There is some doubt as to whether the collector of internal revenue comes within the classification of those against whom the testimony of interested parties is rendered incompetent by the statute, but it is not necessary to decide this point. The testimony was properly admitted, because the defendant had previously gone into the same matter with the witness on cross-examination; and it is well settled that, "if a part of a transaction or conversation is brought out on cross-examination, the interested party may insist on having the matter brought out in its entirety." 28 R. C. L. p. 516; Gray v. Cooper, 65 N. C. 183; Treadwell v. Lennig (C. C.) 50 F. 872; Stair v. McNulty, 157 N. W. 1073, 133 Minn. 136, Ann. Cas. 1918D, 201, and note.

[7] As stated in the beginning, the only real question in the case was one of fact. This was properly left to the decision of the jury, who saw the witnesses and heard them testify, and decided the issue in favor of the plaintiff. The trial judge who had the power to set aside the verdict, if he deemed it contrary to the weight of the evidence, allowed it to stand, and his discretion in passing upon the matter is not reviewable by us in the absence of abuse. After careful consideration of the learned arguments presented by the able counsel for defendant, we conclude that there was no error, and the judgment of the District Court is accordingly affirmed.

Affirmed.