## MARSHALL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5865.

Circuit Court of Appeals, Sixth Circuit.

April 5, 1932.

T. O. Marlar, of Toledo, Ohio (Marshall, Melhorn, Marlar & Martin, of Toledo, Ohio, on the brief), for petitioner.

J. M. Hudson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Prew Savoy, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The present petition to review involves federal income taxes for the years 1923, 1924, 1925, and 1926. It appears that during the year 1923 the petitioner, feeling that he was paying more than his just proportion of income taxes, decided to give to his wife certain shares of the capital stock of various corporations in which he was interested. In respect of some of these shares, the petitioner merely indorsed the certificates in blank and caused them to be placed in a safe deposit box carried in the name of his wife, but to which his private secretary had access. As to other shares, the certificates were not only indorsed by the petitioner, but the shares were thereafter transferred to the name of his wife upon the books of the respective companies. Thus we find that 500 shares of the common stock of the Champion Spark Plug Company were transferred to Mrs. Marshall upon the books of that company November 21, 1923. Likewise, fifty shares of the common stock of the Richardson Company were so transferred March 10, 1924. Prior to the times in question, Mrs. Marshall was also the stockholder of record of ten shares of the stock of the Fifty Associates Company.

Separate returns were filed by the petitioner and Mrs. Marshall for the years in question. The dividends received upon all of these shares of stock, both upon those indorsed in blank but not transferred, and upon those actually transferred to Mrs. Marshall, were returned by her upon the hypothesis that the stock had been given to her by her husband. When the Commissioner came to audit the returns for the year 1923, dividends to the amount of $10,201.50 were transferred from the wife's return to that of the petitioner, "for the reason that in accordance with the evidence on file in this office the said stock is listed in your name." The total amount so transferred apparently did not include dividends paid in 1923 upon stock of the Fifty Associates Company standing in the name of Mrs. Marshall, and no dividends were paid during that year upon the stock of the Champion Spark Plug Company after its transfer on November

21st. The stock of the Richardson Company had not yet been transferred.

When the returns for the years 1924, 1925, and 1926 were audited the petitioner was advised that *"all* dividends reported by your wife on her return have been eliminated and included in your return inasmuch as the stock is in your name." (Italics ours.) Deficiency assessments were made in accordance with this adjustment. The petitioner appealed to the Board of Tax Appeals. The action of the Commissioner was affirmed, and the present petition followed.

The Board of Tax Appeals, while recognizing the above-stated facts in its findings of fact, in its opinion ignored the actual transfer of any of the shares upon the books of the issuing companies, treating all shares as if the certificates were merely indorsed in blank and placed in a safe deposit box carried in the name of the petitioner's wife but to which the petitioner, through his confidential secretary, had access. The intended gift was held to have been incomplete, in that exclusive control and dominion over the property had not been surrendered to the donee, there had been no acceptance of the gift by the donee, and there had been no transfer of title accompanied by delivery of the property.

■■■ As to the shares of stock not transferred upon the books of the issuing companies, we are of the opinion that the decision of the Board of Tax Appeals was correct. While Mrs. Marshall was advised by her husband that he intended to give all his holdings of capital stock to her, it is quite evident, as to those shares not transferred upon the books of the issuing companies, that there was not a complete relinquishment of dominion and control of the subject-matter of the gift, and, we think, that there was no such conveyance or assignment as operated to divest the donor of legal title or to vest such legal title in the donee, whatever may have been the equitable rights of the parties after the indorsement of the certificates in blank. See Edson v. Lucas, 40 F.(2d) 398, 404 (C. C. A. 8), and cases there cited; Sizer et al. v. U. S., 65 Ct. Cl. 450; Lee v. Lee, 55 App. D. C. 344, 5 F.(2d) 767. Cf. Basket v. Hassell, 107 U. S. 602, 614, 615, 2 S. Ct. 415, 27 L. Ed. 500. As to these shares, the conclusion of the Board of Tax Appeals that the petitioner did not intend to part with dominion and control over the stock, or the dividends received thereon, or, at least, that he had not done so, and that the alleged gift to his wife was but a sham and subterfuge

for the purpose of relieving the petitioner of income taxes without that incident of finality which attends a completed gift, was supported by substantial evidence and may not here be disturbed. Burnet, Commissioner, v. Leininger, 52 S. Ct. 345, 76 L. Ed. —— March 14, 1932. Cf. White, Collector, v. Bingham, 25 F.(2d) 837 (C. C. A. 1). Whether or not there was such delivery as to complete the gift was also a question of fact upon which we are bound by the decision of the Board of Tax Appeals, unless, as a matter of law, that decision was clearly erroneous. Tracy v. Commissioner, 53 F.(2d) 575 (C. C. A. 6). Grissom, Collector, v. Sternberger, 10 F.(2d) 764 (C. C. A. 4), does not conflict with this view, for there the jury, as triers of the fact issue, found that the gift had been completed. Here the contrary is found, and this finding cannot be set aside unless the conceded facts conclusively require a different conclusion. This, we think, is not the case.

■■■ As to the shares actually transferred upon the books of the respective companies, however, we are of the opinion that the action of the Commissioner and the decision of the Board of Tax Appeals were erroneous. Transfer upon the books of the corporation in itself constitutes a delivery. Roberts' Appeal, 85 Pa. 84. The transferee then becomes the legal owner. Mrs. Marshall had executed no broad power of attorney authorizing her husband to indorse her certificates of stock, as in White, Collector, v. Bingham, supra. Dividends were paid by check drawn to her order. What she did with these checks after receipt is a matter of complete indifference. The stock was not indorsed and redelivered to her husband, and could not thereafter be transferred, or the dominion and ownership of the petitioner thereafter be regained, except through the independent and voluntary act of his wife. There was nothing unlawful, or even mildly unethical, in the motive of petitioner, to avoid some portion of the burden of taxation. There is nothing illegal in a gift of shares of stock by a husband to his wife. If the transaction were attacked as fraudulent, the burden would be upon the Commissioner to establish such fraud by a clear preponderance of the evidence. Taplin et al. v. Commissioner, 41 F.(2d) 454 (C. C. A. 6); Budd v. Commissioner, 43 F.(2d) 509 (C. C. A. 3). We find neither in the evidence nor in the findings of fact the slightest intimation of such fraudulent intent, the argument of counsel in this connection being based solely upon the evidence

of Mrs. Marshall that in financial transactions she depended upon and was guided wholly by her husband, that she considered that each (she and her husband) had an equal or community interest in the property of the other, and that, should her husband ever wish or need the securities he had given her, she would gladly return them to him. This spirit of dependence on the part of a wife, and her willingness to share with her husband whatever she might have, are not uncommon, and are, we think, commendable rather than the reverse. They are without effect upon the issue here involved. Burnett, Commissioner v. Leininger, supra, does not hold otherwise.

We conclude that the Board of Tax Appeals erred in not ordering retention in Mrs. Marshall's return of those dividends which were paid upon stock actually transferred to and held by her. So far as appears from the record, no such dividends were transferred from her return for the calendar year 1923. The decision of the Board of Tax Appeals as to such year is therefore affirmed. Dividends were paid by the Champion Spark Plug Company upon stock transferred to Mrs. Marshall in the amount of $4,000 in 1924, $3,000 in 1925, and $5,000 in 1926; and upon stock of the Richardson Company in the amount of $241.67 for 1924, $300 for 1925, and $300 for 1926. It would also seem from the findings of fact that dividends paid upon the stock of the Fifty Associates Company, standing in the name of Mrs. Marshall, were in the amount of $515 for each of the years 1924, 1925, and 1926. As to the years 1924, 1925, and 1926, therefore, the decision of the Board of Tax Appeals is reversed and the cause is remanded to the Board, with instructions to cause the tax to be recomputed as herein indicated.