## NORRIS et al. v. UNITED STATES.

District Court, S. D. New York.
Jan. 5, 1934.

Hackenburg & Schwartz and Albert E. Schwartz, all of New York City, for plaintiffs.

George Z. Medalie and Leon E. Spencer, both of New York City, and Wright Matthews, of Washington, D. C., for defendant.

BONDY, District Judge.

This action was brought to recover the amount of an estate tax paid under protest on 1,800 shares of the capital stock of the Thompson & Norris Company by the administrators of the estate of Henry D. Norris, deceased. They contend that the stock was given by the decedent to his wife, Sarah H. Norris, in May, 1900, as a gift, and therefore was not part of his estate at the time of his death in October, 1917. The government contends that the facts relied upon by the plaintiffs do not establish a valid gift inter vivos.

The certificate was issued to Henry D. Norris on December 30, 1899. He placed it in a safe deposit box to which he and his wife had access and in which property belonging to both was kept. In May, 1900, Sarah H.

Norris went to the safe deposit box with her husband. He took from the box the stock certificate, issued in his name and indorsed by him in blank, and handed it to her, saying: "This is yours. This belongs to you." She gave the certificate back to her husband who placed it in an envelope on the face of which he had written, "The Property of Sarah H. Norris, #15 W. 74th St., N. Y. 1800 Shares of The Thompson & Norris Co." The envelope was then replaced in the box where it remained until 1917, when it was removed by a son of Henry D. Norris, shortly before the latter's death.

On one occasion he told his niece and on several other occasions he told his sons that he had given the stock to his wife.

The stock never was transferred on the books of the company. The dividends were credited to Henry D. Norris on the books of the company. In joint returns of his and his wife's income in the years 1914, 1915, and 1916 he listed the dividends as income of his own. Prior to her husband's death, Sarah Norris did not have any bank account in her own name. Henry D. Norris had an account in only one bank in which was deposited all the income received by Mrs. Norris and Mr. Norris and from which payments were made on his own and her account, including payments for general household expenses, interest on mortgages, and other expenses incurred in connection with property owned by Mrs. Norris, and for property purchased for her. The dividends were placed to the credit of Henry D. Norris in the open account in the name of Henry D. Norris on the books of the company, and checks drawn against this account were deposited in the bank in which Henry D. Norris kept the account mentioned.

On October 3, 1917, shortly before Henry D. Norris died, his son Frederick A. Norris took the certificate in question from the safe deposit box and delivered it to his father. The latter handed the certificate to his wife, saying: "This is yours. This belongs to you. Take it."

The failure to transfer the stock on the books of the company, the physical ability of Henry D. Norris to reach the certificate, the listing of the dividends thereon as his in the income tax return, and the transaction which took place shortly before he died are all facts which may properly be taken into consideration to determine whether in 1900 at the time of delivery of the certificate it was his intention to make a gift and whether a valid gift inter vivos was effected. Either separately

or together, these facts are not inconsistent with the conclusion that an effective gift was made. See Judson v. Hatch, 171 App. Div. 246, 157 N. Y. S. 182; Matter of Hendricks' Estate, 163 App. Div. 413, 148 N. Y. S. 511, affirmed 214 N. Y. 663, 108 N. E. 1095; Grissom v. Sternberger (C. C. A.) 10 F.(2d) 764; Smith v. Commissioner of Internal Revenue (C. C. A.) 59 F.(2d) 533; Bingham v. White (D. C.) 31 F.(2d) 574.

It may be noted not as a matter of evidence, but as a precedent entitled to at least some consideration, that the surrogate of the county of New York with knowledge of all the foregoing facts held that "the said 1800 shares of stock of the Thompson & Norris Company were not part of the estate of the decedent at the time of his death."

Although the question presented is close, I believe that the certificate was given to Sarah H. Norris by decedent as a gift in 1900, that he gave her full dominion and control over it, that there is no reason to question the good faith of the decedent and his wife, and accordingly conclude that the estate is entitled to recover the amount of the tax paid on the certificates.

Conclusions of fact and law may be submitted in accordance herewith.