### LEE v. LEE. et al.

(Court of Appeals of District of Columbia. Submitted April 13, 1925. Decided May 4, 1925. Motion for Rehearing and Reformation of Opinion Denied May 15, 1925.)

No. 4173.

1. Gifts ⚫18(2), 62(1)—Written instrument held insufficient to establish gift inter vivos or donatio mortis causa.

Paper executed by one depositing trunk with trust company for safe-keeping, with instructions for redelivery on demand to her or her sons, reciting its contents and declaring that she thereby gave contents to her two sons, *held* insufficient under Gen. Laws Va. 1923, § 5142, to create a gift inter vivos or donatio mortis causa, in absence of delivery of possession.

2. Gifts ⚫18(1)—Unqualified delivery of possession is essential to gift.

Unqualified delivery of possession is essential to gift.

Appeal from Supreme Court of District of Columbia.

Suit by Mary M. Lee against George Bolling Lee, as executor of the estate of Mary Tabb Lee, deceased, and individually, and another. From a decree of dismissal, plaintiff appeals. Affirmed.

S. F. Taliaferro, of Washington, D. C., and J. D. Johnston, of Roanoke, Va., for appellant.

B. S. Minor, H. P. Gatley, H. B. Rowland, and J. S. Barbour, all of Washington, D. C., and T. R. Keith, of Fairfax, Va., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, Mary M. Lee, filed a bill in equity in the Supreme Court of the District of Columbia seeking the partition and delivery to her of certain family relics and heirlooms alleged to belong to her husband's estate. From a decree dismissing the bill, this appeal is prosecuted.

It appears that appellant is the widow of one Col. Robert E. Lee, and the executrix and residuary legatee under the will of her husband. Robert E. Lee was a grandson of Gen. Robert E. Lee. The relics and heirlooms, of which she seeks a partition, originally belonged to Gen. Lee and to Gen. Washington.

The property in question is contained in a trunk which was deposited for safe-keeping with defendant National Savings & Trust Company by defendant Mrs. Mary Tabb Lee, mother of Robert E. Lee, appellant's husband, and George Bolling Lee. Prior to the placing of the trunk with the trust company, Mrs. Lee executed the following paper:

"This leather trunk marked Col. R. E. Lee, U. S. A., and the articles therein contained, and enumerated below, except those otherwise designated, were given to me by my brother-in-law, the late Gen. George Washington Curtis Lee, at Ravensworth, Virginia, in the month of February, 1913, before his death.

"I, Mary T. Lee (Mrs. W. H. F. Lee) do hereby give to my two (2) sons, Robert E. Lee, now living at Ravensworth, Virginia; and George Bolling Lee, at this time a practicing physician in the city of New York, the said trunk and articles above referred to, and enumerated below, and all other article or articles; or anything whatsoever found in said trunk and not herein enumerated, they to share and share alike in all of the contents of said trunk.

"Mary T. Lee (Mrs. W. H. F. Lee)."

To this writing was attached an itemized list of the contents of the trunk. The bill avers that "the said trunk and contents was placed for safe-keeping with the National Savings & Trust Company, of Washington, D. C., with instruction that the same should be delivered upon call either to Mary Tabb Lee (Mrs. W. H. F. Lee), Robert E. Lee, or George Bolling Lee."

The deposit ticket, issued by the trust company to Mrs. Lee when she delivered the trunk for safe-keeping, reads as follows: "Deposited with the National Savings & Trust Company, June 2, 1919, Washington, D. C., as of May 3, 1919, by Mrs. Mary T. Lee, residence Stoneleigh Court, valued $1,-

000, description, one trunk, sealed, containing silverware; not examined by the company; deliverable also to Robert E. Lee or Dr. G. Bolling Lee.

"[Signed]    M. T. Lee."

It will be observed that the right of appellant to one-half of the contents of the trunk is based upon an alleged gift from the defendant Mrs. Mary Tabb Lee to her two sons, Robert E. Lee and George B. Lee, which gift, it is urged, was evidenced by the foregoing instrument of writing executed April 25, 1919. The sole question, therefore, is whether the bill fails to state facts showing the completed gift of this property by Mrs. Mary Tabb Lee to her two sons. The paper unquestionably manifests a testamentary intent rather than an immediate and complete transfer of the property. Section 5142 of the General Laws of Virginia, 1923, provides: "No gift of any goods or chattels shall be valid, unless by deed or will, or unless actual possession shall have come to and remained with the donee, or some person claiming under him. If the donor and donee reside together at the time of the gift, possession at the place of their residence shall not be a sufficient possession within the meaning of this section. This section shall not apply to the wife's paraphernalia."

[1, 2] The instrument here is neither a deed nor a will; while it is testamentary in character, it cannot be treated as a will, because it is not properly attested as such. The most that could be said is that it indicates an intention on the part of the mother to give the contents of the trunk to her two sons, retaining the same, however, subject to her own possession and control. It is manifest from the conditions under which the trunk was deposited with the trust company, reserving in Mrs. Lee the right to withdraw it at any time, that it was not her intention to surrender complete title to the property therein contained. The paper was executed almost two months before the trunk was delivered conditionally to the trust company. This amounted to neither a gift inter vivos nor donatio mortis causa. It is settled law that before a gift can be regarded as complete and passing absolute title to the property, there must be an unqualified delivery of possession. As was said by the court in Allen-West Commission Co. v.

Grumbles, 129 F. 287, 290, 63 C. C. A. 401, 404: "Among the indispensable conditions of a valid gift are the intention of the donor to absolutely and irrevocably divest himself of the title, dominion, and control of the subject of the gift in præsenti at the very time he undertakes to make the gift; * * * the irrevocable transfer of the present title, dominion, and control of the thing given to the donee, so that the donor can exercise no further act of dominion or control over it (Basket v. Hassell, 107 U. S. 602, 614, 615, 2 Sup. Ct. 415, 27 L. Ed. 500); * * * and the delivery by the donor to the donee of the subject of the gift or of the most effectual means of commanding the dominion of it."

While the intention of the mother to give the property in question to her sons is quite clearly disclosed, the dominion of the donor over the intended gift was never surrendered. In other words, there was not that quality of completeness present in this transaction which distinguishes a mere intention to give from the completed act, and where this element is lacking the gift fails. As was said in Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531: "But delivery by the donor, either actual or constructive, operating to divest the donor of possession of and dominion over the thing, is a constant and essential factor in every transaction which takes effect as a completed gift. Anything short of this strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title. The intention to give is often established by most satisfactory evidence, although the gift fails. Instruments may be ever so formally executed by the donor, purporting to transfer title to the donee, or there may be the most explicit declaration of an intention to give, or of an actual present gift, yet unless there is delivery the intention is defeated."

The law is too elementary on this point to require further discussion. However clear the intention of Mary Tabb Lee to give this property to her sons, as manifested in the document above quoted, the intention is defeated by reason of the failure to make an absolute and complete delivery.

The judgment is affirmed, with costs.