478

**MOORE et al. v. TILLER.***

No. 6553.

Circuit Court of Appeals, Fifth Circuit.

Oct. 26, 1932.

*Rehearing denied December 3, 1932.

Robert B. Blackburn and Max F. Goldstein, both of Atlanta, Ga., for appellants.

James A. Branch, Granger Hansell, and Eugene L. Tiller, all of Atlanta, Ga., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The claims of the appellants to certain United States bonds and other personal property were based upon a written instrument of which the following is a copy, executed on February 4, 1931, by Charles L. Newman, who died on February 6, 1931:

"February 4, 1931.

"Trust Co. of Georgia, trustee, Catherine Moore diamonds and life insurance. Trust Co. Georgia trustee for bank stock.

"Trust Co. of Georgia, trustee, Margaret Lackey for Government bonds.

"Trust Co. of Georgia, trustee, Catherine Lackey, Ga. Power Co. stock.

"Trust Co. of Georgia, trustee.

"Bank balance and real estate to be used to pay all debts and to be used as such purpose as you may deem best for—

"Charles L. Newman,
"Mary Tyler.

"(Born Clarkesville, Va., Sept. 26-1857.)"

On the back of that document are the words: "Mr. Warner Martin, Vice-President." During his last illness, two or three days before he died, Mr. Charles L. Newman stated to his physician that he was not going to get well, and he would like for the latter to write his will. The physician did not comply with that request, stating to Mr. Newman that he preferred not to do so. The body of the instrument was written by Miss Mary Tyler, a nurse who was waiting on Mr. Newman; she writing what he told her to write. He signed the instrument, and then she signed it; no other person being present. Pursuant to his request that she direct the paper to Mr. Warner Martin, she wrote that name on the back of the paper, and he said, "give it to Mr. Martin." After receiving the paper from Mr. Newman, Miss Tyler put it in Mr. Newman's bureau drawer, in the room where he was sick, where it remained until after his death. At the time the instrument was written, documents referred to therein were in a safety deposit box rented by Mr. Newman from the Trust Company of Georgia, of which Mr. Warner Martin was vice president. Mr. Newman

had a key to that box. Both that key and another one kept by the trust company had to used in opening the box. Mr. Newman did not deliver his key to Miss Tyler, and said nothing to her about it. It remained in his possession until after his death.

The above set out instrument was not effective as a will because not attested by three or more witnesses, as required by the Georgia statute. Georgia Code 1926, § 3846. The manifestation of an intention to make a present gift to another, and, in consummation of this intention, delivery of the property to or for the use of the intended donee, or some act indicating a renunciation of dominion in favor of the intended donee, are essentials of a gift, whether inter vivos or causa mortis. Georgia Code, 1926, §§ 4144, 4147, 4154; Burt v. Andrews, 112 Ga. 465, 37 S. E. 726; Basket v. Hassell, 107 U. S. 602, 2 S. Ct. 415, 27 L. Ed. 500; 21 R. C. L. 932, 957. Neither the language of the above set out instrument nor other evidence clearly discloses an intentioin of Mr. Newman to make present gifts of the things referred to. It cannot reasonably be contended that the clauses of the instrument under which appellants claim clearly evidenced the maker's intention. No part of that instrument except the concluding clause of it discloses the maker's intention as to the time of the taking effect of a disposition of property therein provided for. In the light of the circumstances attending the making of the instrument—it appearing that the maker realized that his death was imminent, and that he wished to make his will—the concluding clause of the instrument plainly indicates that the maker intended the disposition of property therein provided for to become effective upon his death, that clause providing for the use in paying his debts of the part of his property not otherwise mentioned or disposed of and for the winding up of his affairs. That clause indicating that the disposition of property thereby provided for was intended to be effective upon the maker's death, and the preceding clauses of the instrument containing nothing indicative of an intention that the dispositions of property therein provided for were to be effective sooner than the disposition of property provided for in the concluding clause, the instrument as a whole well may be regarded as indicating that the maker intended the dispositions of property provided for to become effective upon his death, rather than during his life; in other words, that he intended the dispositions of property to be testamentary in character—such as could be made only by an instrument so executed as to be valid as a will. To say the least, it was not clearly made to appear, by the language of the instrument or otherwise, that the maker intended the clauses under which the appellants claim to have the effect of present gifts of the things referred to. The language of that instrument is consistent with the absence of any intention of the maker to make a present gift to or for the use of the appellants or any of them.

No evidence adduced had any substantial tendency to prove that the maker of the instrument intended any of the things referred to in the clauses under which the appellants claim to be delivered during his life to them or to another for their use, or that the maker intended presently or during his life to renounce his dominion over those things.

We conclude that the action of the court in rejecting the claims asserted by the appellants is sustainable on the grounds that the evidence failed to show that the maker of the instrument upon which their claims are based intended to make present gifts to appellants or for their use of the things claimed, or to deliver to, or for the use of, appellants, those things, or to renounce presently or during his life his dominion over those things.

The decree is affirmed.