## JACKSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3425.

Circuit Court of Appeals, Fourth Circuit.
April 4, 1933.

Hunter H. Moss, of Baltimore, Md. (Harry N. Baetjer, of Baltimore, Md., on the brief), for petitioner.

Andrew D. Sharpe, Sp. Asst. to the Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Harold F. Noneman, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

The question involved in this proceeding is whether the taxpayer, in computing his income tax for the year 1927, should have been required to include in his gross income the income from certain securities covered by a deed of trust executed on April 1, 1927, by his wife. Thereby she gave and assigned them to the taxpayer and herself, upon certain trusts for the benefit of their children, providing for the payment of the income to them or for their benefit in equal shares during certain periods and for the ultimate delivery of shares of the corpus of the estate to them or their descendants, and the final termination of the trusts. A cross-remainder for the benefit of each child was created in the event of the death of the other, leaving no issue. It was also provided that, in case of the death of both children and their descendants before the time fixed for the distribution of the respective shares of the corpus, then upon the death of the last survivor the entire corpus should be paid over free from the trust to the taxpayer. It was also provided that, in the event of the death of the wife before the death of the taxpayer, regardless of whether there should then be living children or descendants, the entire trust estate should be paid over to the taxpayer free from the trust. Finally, it was provided that the deed might be revoked at any time by the taxpayer by written notice of his intention to revoke given to his wife.

The taxpayer testified in substance that he had previously owned the securities in question, and that, at or shortly before the time when the deed was executed, he had given them to his wife with the understanding that she would simultaneously create the trust; and that he made no reservation of ownership or interest in the securities. In order to carry the understanding into effect, the securities were delivered to the wife, and by her delivered to the taxpayer and herself as trustees, and were then deposited for safe-keeping in a safe deposit box rented for the purpose, to which access was open to either trustee under the terms of the rental agreement. This arrangement obviously left the property at least partially subject to the personal control and dominion of the taxpayer in case he should exercise the power to revoke the deed. He did exercise this power, and revoked the deed on September 28, 1928.

The Commissioner determined that the income from the trust estate was chargeable to the taxpayer on the ground that he had not made a valid gift of the securities to his wife in the eye of the law, and was himself the real creator of the trust, and was therefore subject to the provisions of section 219 (g) of the Revenue Act of 1926, 44 Stat. 9, 32 (26 USCA § 960 note), which provides that, where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net in-

come of the grantor. This determination was properly upheld in our opinion by the Board of Tax Appeals. The indispensable conditions of a valid gift include not only the intention of the donor to divest himself irrevocably of title, dominion, and control, but also the irrevocable transfer ·of title, dominion, and control over the subject of the gift by delivery, so that the donor can exercise no further act of dominion or control over it. Allen-West Commission Co. v. Grumbles (C. C. A.) 129 F. 287. The circumstances which we have related show quite clearly that the taxpayer in this case had not delivered the securities so fully and completely to his wife as to relinquish all dominion and control over them, and the decision of the Board of Tax Appeals must therefore be affirmed.