**WEIL v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7776.

Circuit Court of Appeals, Fifth Circuit.
March 13, 1936.

Rehearing Denied April 4, 1936.

HUTCHESON, Circuit Judge, dissenting.

———◆———

Richard T. Rives, of Montgomery, Ala., and Paul F. Myers and John R. Yates, both of Washington, D. C., for petitioner.

Helen R. Carloss, Sewall Key, and Ellis N. Slack, Sp. Assts. to the Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Harry F. Morton, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Twelve hundred shares of common stock of the Coca-Cola Company previously belonging to the taxpayer, Adolph Weil, were sold during October and November, 1930, at a large profit above their cost, and the proceeds were put to the credit of his four children on the books of Weil Brothers, a firm of which the taxpayer is a member. He contends that he is not taxable upon this profit as his income, because before the sale he had given the stock to his four minor children and the profit, when realized, was their income. The Board of Tax Appeals concludes its finding of fact thus: "From all the facts in the record we find that petitioner gave to his children the proceeds from the sale of the 1,200 shares of Coca-Cola stock, and not the shares."

The Commissioner contends that this is the ultimate fact found by the Board, and·that since the evidence has not been brought up, this court cannot inquire whether the finding is correct. The above

quotation is preceded by more than eight pages of detailed fact findings on which the final conclusion is based. We think them the equivalent of a special verdict, and that we may test by them the correctness of the general fact conclusion, especially since that conclusion uses the word "gave" which connotes ingredients of law. The legal elements of a gift are discussed immediately afterwards in the opinion of the Board. We will consider whether the special facts found support the general conclusion.

Much condensed, these facts are that about October 1, 1930, Weil took from among his certificates of Coca-Cola stock, which he held in a safety deposit box in a bank in Montgomery, eight certificates of 100 shares each, and without indorsing them, so far as he could remember, he placed two certificates in each of four envelopes bearing severally the names of his four minor children in which he kept other securities belonging to them, and put the envelopes back in the box, preserving a memorandum of the certificate numbers. On returning to his office, he or his stenographer made entries of them on a loose-leaf memorandum book which showed the various securities owned by his children. On October 9, 1930, Weil telephoned the manager of the New York office of his firm to sell for his children 200 shares each of Coca-Cola common stock, that the stock was theirs and he would deliver it, and to place the proceeds to their credit. Accordingly, a stockbroker on that date sold the shares and entered one-fourth of the proceeds to the credit of each of the four children by name. It does not appear that the broker knew the persons named were minors. In pursuance of this sale, and on the same day, Weil sent the certificates, now duly indorsed, to the New York office in a letter stating that they were for delivery against the sale and that the proceeds were to be credited as before explained by telephone. In due course the broker gave a receipt for the stock to Weil Brothers for account of the four children, and paid Weil Brothers the proceeds, which were put to the credit of the several children as directed. On November 1, 1930, Weil proceeded in exactly the same way to dispose of 400 shares more, the broker selling them on November 11th and the proceeds going to the credit of the children on the firm's books. The credits were thus carried at 6 per cent. interest for several years, Weil withdrawing nothing except for investment for the children, income taxes and the like. There is a finding "At the time he made the alleged gift of stock to his children in 1930 he told the executors and trustees of his will about it." It does not appear what he said to them, or that he delivered anything to them, or that his communication was prior to the several sales. Each child from repeated gifts has an estate of from ninety to one hundred thousand dollars. Weil has never taken back any of his gifts. He did not have the Coca-Cola certificates transferred to them on the books of the company as he expected to sell them and wished to avoid the expense of the transfer. He has never been appointed guardian for his children's estates. The profit on these sales was returned by him as income of the children, but the Commissioner held there was a corresponding overpayment by the children and that the profit was to be taxed to Weil.

We think the controlling fact is that Weil purposed all the time to sell the stock and kept control of it to do so. He was not the guardian of the children, and it is conceded that under the law of Alabama he could not sell the property of his minor children. It is plain that he intended to give his children the benefit of the stock, and perhaps went to great pains to make it appear that he had done so before the profit was realized which would be taxed in solido if his, but in separate parts and less severely if his children's; but all the time he intended to and did maintain dominion and control over the stock so as to sell it. Prior to the several sales, the certificates sold never passed out of his custody into the control of any other person; they were never indorsed to the children or put in their names, nor was any writing signed and delivered by him purporting to convey them. This retention of control for the purpose of exercising dominion over them by sale is inconsistent with a present absolute gift, the legal result of which would have been to prevent a sale. In Basket v. Hassell, 107 U.S. 602, 614, 2 S.Ct. 415, 422, 27 L.Ed. 500, after a full review of the cases touching gifts, it is said: "A certificate of deposit is a subsisting chose in action and represents the fund it describes, as in cases of notes, bonds, and other securities, so that a delivery of it, as a gift, constitutes an equitable assignment of the money for

which it calls. The point * * * as to the nature and effect of a delivery of a chose in action, is, as we think, that the instrument or document must be the evidence of a subsisting obligation and be delivered to the donee, so as to vest him with an equitable title to the fund it represents, and to divest the donor of all present control and dominion over it, absolutely and irrevocably." We do not doubt that a certificate of stock may without formal transfer be by such a delivery given; and if to a minor such parting of control and dominion to a third person for the child is sufficient. Whether a father may deal wholly with himself for his child without writing, without co-operation of any third person who represents the child, without doing what is ordinarily done to transfer this kind of property, and without parting with control over the certificate, we greatly doubt. Generally a donor must go as far as the nature of the property and the circumstances reasonably permit in parting with dominion and making the gift irrevocable. See Allen-West Commission Co. v. Grumbles (C.C.A.) 129 F. 287; Conlon v. Turley, 56 App.D.C. 95, 10 F.(2d) 890; Lee v. Lee, 55 App.D.C. 344, 5 F.(2d) 767; Union Trust Co. v. United States (Ct.Cl.) 54 F.(2d) 152; Moore v. Tiller (C.C.A.) 61 F.(2d) 478; Jackson v. Commissioner (C.C.A.) 64 F.(2d) 359. If the donor intends to give, and even goes so far as to transfer stock on the books of the company, but intends first to do something else and retains control of the transferred stock for that purpose, there is no completed gift. Southern Industrial Institute v. Marsh (C.C.A.) 15 F.(2d) 347. Weil's intention to sell the stock, an intention that could not be carried out if the title to it were vested in his minor children, accompanied with the retention of full control over it, suspended the execution of the intention to make a gift until after the sale, and the intended gift took final effect only upon the proceeds. The case of Smith v. Commissioner (C.C.A.) 59 F. (2d) 533, is not to the contrary. The law was there asserted to be as we have stated it. Title to the stock certificates there was held to have passed from the donor to the donees, not when he declared to them the gift and wrote upon the folder which was to receive the certificates and made entries on his books, but only when after indorsement of the certificates he placed them in the lock box at the bank of one of the donees. That the donor had a key to his son's lock box was held not necessarily to defeat the delivery, since the son knew of it and also had a key.

The dissenting opinion of members of the Board suggests that Weil made himself trustee for his children with power to sell the stock. The cases cited for that idea dealt with formal written declarations of trusts. There was here no valuable consideration and no basis for equity to construct a trust. If there was a trust, it must have been an express trust. The evidence, to establish a voluntary express trust in personal property, must show a clear intention to create a trust. Equity will not make one where none has been clearly declared. A defective or imperfect gift will not be converted into a trust. Elliott v. Gordon (C.C.A.) 70 F.(2d) 9; Eschen v. Steers (C.C.A.) 10 F.(2d) 739, 740. No evidence has been brought to this court, and certainly no trust was found as a fact by the Board. Weil, who best knows what he did, has never claimed one. In his petition for redetermination by the Board he asserts that on October 1, 1930, and November 1, 1930, he made "gifts inter vivos to each of his said minor children," and "that the gifts inter vivos of the common stock of Coca-Cola Company which were made by him to his four minor children were bona fide, and that the subject matter of the said gifts thereupon became the absolute property of his four minor children." Even after the suggestion of the minority opinion, Weil in his petition for review in this court alleges that there were absolute gifts to his minor children, and his assignment of error is that the Board erred in not finding that he "made completed and absolute gifts of the stock in question to his four minor children." His brief makes no claim that a trust was attempted.

Petition for review denied.

HUTCHESON, Circuit Judge (dissenting).

I agree with the majority opinion that as to the shares of stock in question, petitioner had the double intention of giving his children the benefit of owning them, and of diminishing the taxes which would be paid upon their sale.

I do not agree with the majority opinion that he frustrated this intention as to diminishing the taxes by keeping it within his own power to order and control the

sale. I think it obvious that the things he did and the intention he evidenced effected a complete gift to his children by constituting himself trustee for them. In this way he gave effect to both of his intentions. In this way he gave the beneficial ownership of the shares to the children, while keeping it within his power to sell the shares for them.

The majority opinion makes important a supposition which I think has no relevancy to what actually occurred. That if he had made the gift directly to his minor children by manual delivery to them, instead of by constituting himself their trustee, he would have frustrated his intent to sell the stock by depriving himself of the power to do so.

Five members of the Board could not see why the great pains he went to to make himself trustee for his children should not be given effect. I cannot. Two of those dissenting thought the opinion of the majority of the Board a straining to find the gift frustrated because the intention to make it was coupled with the desire, frankly testified to, to reduce the taxes which would be due upon the sales. All of those dissenting thought there was a consummated gift.

I think so too. The majority opinion of the court rejects as unproven what I think plainly established, that petitioner by constituting himself trustee for his children, made effective at once his purpose to give them the stock before sale, and to sell it for them. Too much is made in the majority opinion, I think, of the fact that in his informal pleadings before the Board and for review here, petitioner did not name himself trustee. He did not need to do so. His constituting himself trustee was no part of the ultimate fact of gift. It was merely evidence of what was done as one of the means to make the giving effectual. It was essential to plead, and petitioner did plead, that he had made absolute gifts to his children. It was essential to prove, and he did prove, I think, that he did this. Krankel's Ex'x v. Krankel, 104 Ky. 745, 47 S.W. 1084; Williamson v. Yager, 91 Ky. 282, 15 S.W. 660, 34 Am.St.Rep. 184.

I respectfully dissent.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.