### CARKHUFF v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6990.

Circuit Court of Appeals, Sixth Circuit.

May 6, 1936.

Horace Andrews, Jr., of Cleveland, Ohio (Horace Andrews and Andrews, Hadden & Burton, all of Cleveland, Ohio, on the brief), for petitioner.

Helen R. Carloss, of Washington, D. C. (Sewall Key and Frank J. Wideman, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and SIMON, Circuit Judges.

MOORMAN, Circuit Judge.

The petitioner conveyed to the Cleveland Trust Company certain property in trust for the use and benefit of himself and his family. The agreement provided that one-half of the net income from the trust estate should be paid to the petitioner and the other half to his wife. It reserved to the grantor the right to modify or revoke the settlement with the approval of his wife, or of the trustee if the modification or revocation affected the wife's right of income. The Revenue Act of 1928 (45 Stat. 840, c. 852, § 166, 26 U.S.C.A. § 166 note) declares that "where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor." The Commissioner of Internal Revenue assessed a tax against the petitioner for the year 1929 on the entire net income derived from the trust estate on the ground that the trust was revocable during the taxable year. The Board of Tax Appeals sustained the action of the Commissioner.

The petitioner contends that upon the creation of the trust in 1919 he became vested with a right of immunity from taxation on the income therefrom, and that the application of the act of 1928 to income from the trust for 1929 gives to the act an arbitrarily retroactive effect and deprives him of his property without

due process of law. The contention is answered in Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 572, 77 L.Ed. 1109. There a trust was created in 1922. The government sought to tax the income from the trust for 1924 to the grantor under a statute passed after 1922 exactly like the statute here under consideration. On the point of retroactivity, the court said: "Nor do we think the act has such a retroactive effect as to render its requirements arbitrary within the principle announced as to estate and gift taxes in Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L. Ed. 1184, 52 A.L.R. 1081, Untermyer v. Anderson, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645, and Blodgett v. Holden, 275 U.S. 142 [276 U.S. 594], 48 S.Ct. 105, 72 L.Ed. 206. In those cases the issue was the validity of a tax on a transaction consummated before the enactment of the statute authorizing the exaction. In the present case the subject of the tax is not the creation of the trusts or the transfer of the corpus from the grantor to the trustee, but the income of the trusts which accrued after January 1, 1924, the effective date of the Revenue Act of 1924 [43 Stat. 253]." The cases relied on by petitioner involved, as pointed out in the Reinecke Case, attempts to tax transactions which were immune before the taxing acts were passed, and here the government is not taxing the creation of the trust but income accruing after the act of 1928 was passed.

■ It is further contended by the petitioner that the provision for revocation with the consent of the trustee does not come within the spirit and purpose of the statute, since as the trustee is bound to protect the interest of the beneficiary, the petitioner's wife, it could not dutifully exercise the power, and in consequence there is no lawful power of revocation in conjunction with a party not a beneficiary of the trust. This contention was also answered in Reinecke v. Smith, where the grantor created trusts but retained the power to revoke them with the consent of one or the other of two trustees, one of whom was the grantor's son and also a beneficiary of one of the trusts. The other trustee was a trust company. The court held that the trust company was not a trustee of the power of revocation, owed no duty to the beneficiary to resist alteration or revocation of the trust, and that the income was taxable under the statute.

See, also, Bowler v. Helvering, 80 F.(2d) 103 (C.C.A.2).

■ The final contention is that the statute is inapplicable because the rights of the wife were protected by interpretations placed on the agreement by the trustee, one shortly after the agreement was executed and the other in writing in 1931, in which the trustee stated that it had no right to exercise its power of revocation without first informing the petitioner's wife of its purpose and except in her best interest. The rights and duties of the trustee are stated in the trust agreement, which needs no interpretation and which plainly provides for revocation by the grantor in conjunction with the trustee. There is nothing in it requiring or even authorizing the trustee to consult with the beneficiary as to whether it will exercise its right of revocation. Interpretations given the agreement by the trustee contrary to its terms are obviously not binding on the government in the exercise of its taxing powers.

The order of the Board of Tax Appeals is affirmed.