BECKER v. GLENN, Collector of Internal Revenue.

No. 1940.

District Court, W. D. Kentucky.

Sept. 13, 1939.

Glenn, Collector of Internal Revenue for the District of Kentucky, income taxes alleged to have been overpaid for the calendar year 1930. Claim for refund was filed and denied. By agreement of parties the law and facts which are not in dispute, were submitted to the Court without the intervention of a jury.

The plaintiff, since 1908, has been secretary and treasurer of the Kentucky Fire Brick Company and subsequent to 1911 and prior to June 16, 1930, acquired 200 shares of its capital stock.

In 1912, the plaintiff married Maud G. Becker and they had one child, born in 1916. The family lived at Haldeman, Kentucky, where the brick manufacturing plant of the corporation whose stock is in controversy, is located. The community has no banking facilities and plaintiff kept his certificates of stock in the company's office safe, of which he had charge.

In 1929, he became ill and during his illness talked to his wife about giving a part of his stock in the brick company to her and his son. On June 16, 1930, plaintiff transferred on the books of the corporation 69 of his shares to his wife, Maud G. Becker, and 69 shares to her as trustee for their son, Gentry Becker, and retained 62 shares. He took the newly issued certificates to their home and exhibited them to his wife, and told her he was giving 69 shares to her and an equal number to her as trustee for their son. She accepted the gift and he replaced the certificates in the company's safe where they remained until April 1931.

The Illinois Steel Company, prior to 1930, owned a part of the stock of the Kentucky Fire Brick Company and plaintiff had some expectation that it would acquire the remainder.

On January 2, 1931, the Steel Company acquired from the stockholders an option to purchase the remainder of the shares of the Brick Company and in April 1931, pursuant to their options, plaintiff received $15,670.50 for his 62 shares and his wife for her 69 shares received $17,439.75 and a like sum as trustee. She indorsed her certificate and that she held as trustee and delivered them to her husband, the plaintiff, who deposited them with the disbursing bank for the Steel Company. The 200 shares of stock had cost the plaintiff $20,800 resulting in a profit on the sale of $29,750.

R. D. Davis, of Ashland, Ky., and C. A. Bennett, of Washington, D. C., for plaintiff.

Eli H. Brown III, Dist. U. S. Atty., of Louisville, Ky., for defendant.

HAMILTON, Circuit Judge.

The plaintiff, Russell Becker, seeks to recover from the defendant, Selden R.

The Illinois Steel Company questioned the right of Maud G. Becker to sell the stock she held as trustee and on June 16, 1931, she and her husband executed a bond to the Steel Company in the penal sum of $20,000 conditioned that they would· save the Steel Company harmless from loss or damage, if any, accruing to it by reason of its purchase of the shares of stock from her as trustee. In connection with the execution of the bond plaintiff and his wife made a joint affidavit stating therein that there was no written agreement with respect to the terms, conditions or provisions of the trust for their son except that at the time of its creation they orally agreed that the 69 shares of stock should be held conditionally for his use and benefit and that there were to be no restrictions on its sale, assignment or transfer and that the trust could be terminated at any time by agreement between them. It was agreed that the cestui que trustent had no vested interest in the corpus of the trust.

The plaintiff's wife, upon receipt of the checks for the sale of the stock individually and as trustee, indorsed and delivered each of them to him and he indorsed and deposited them with a bank for collection and on April 21st and 22nd 1931, out of the proceeds, purchased stocks in other corporations in his name and ever since has retained them and received their dividends. All of this was done by agreement with his wife.

Plaintiff, on March 5, 1932, filed with the defendant, Collector of Internal Revenue for the District of Kentucky, his individual income tax return reporting therein the profit realized by him on the sale of his 62 shares of stock and on the same date his wife filed her individual return and also return as trustee reporting in each the profit on 69 shares.

On June 19, 1933, on audit and review, the Commissioner of Internal Revenue determined that the plaintiff was the owner of all the stock at the date of sale in April 1931 and by reason thereof found a deficiency of $2,526.25 in plaintiff's tax for 1931 and assessed against him $2,814.50 which included interest, all of which he paid to the defendant. Plaintiff duly filed claim for refund for this sum which was rejected and he seeks to recover it in this action.

Two questions are presented for decision, each controlled by different taxing statutes. The Revenue Act of 1928, 45 Stat. 840, c. 852, Sec. 166, 26 U.S.C.A. § 166 note, declares that: "Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

The Revenue Act of 1924, 43 Stat. 275, 277, provided for the taxing of profits to the grantor of revokable trust in all essential particulars as that of the 1928 Act quoted above. The constitutionality of the 1924 Act was sustained in Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916, and in Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109.

In the last case the Court decided that the trustee of a revokable trust was not its beneficiary. The wording of the Act here in question is free from ambiguity and the transaction testified to by the plaintiff, and confirmed by his wife, falls plainly within its terms.

■ It is clear that the Commissioner committed no error in including in taxpayer's taxable income the profits realized from the sale of the stock held by his wife as trustee, the trust being revokable by agreement between them. Compare Carkhuff v. Commissioner of Internal Revenue, 6 Cir., 83 F.2d 626, 106 A.L.R. 796; Jackson v. Commissioner of Internal Revenue, 4 Cir., 64 F.2d 359.

The Revenue Act of 1928, 45 Stat. 797, c. 852, Sec. 22(a), 26 U.S.C.A. § 22(a), declares that: "'Gross income' includes gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property."

■ As to whether the plaintiff was taxable on the profit realized from the sale of the shares of stock standing in his wife's name depends on what interest, if any, he had in it at the time of the sale. If he had theretofore made a bona fide gift of it to her inter vivos, he was not taxable on the profits. Such a gift includes (1) a donor competent to make the gift; (2) a donee capable of taking it; (3) a clear and unmistakable intention on the part of the donor to absolutely and ir-

revocably divest himself of title, dominion and control of the subject matter of the gift in pracsenti; (4) the irrevocable transfer of legal title and dominion to the donee; (5) a delivery by the donor to the donee and an acceptance by him of the gift.

The transfer and delivery of corporate stock is not conclusive upon the question of intent where change of title is involved in fixing tax liability, and surrounding circumstances including subsequent acts of the taxpayer, may be inquired into in determining the bona fides of the transaction. Wishon-Watson Company v. Commissioner, 9 Cir., 66 F.2d 52; Commissioner v. Dyer, 2 Cir., 74 F.2d 685.

In inquiring into the circumstances surrounding a gift solely established by the testimony of the parties and where a tax liability is involved, the evidence comes to the Court clouded with a suggestion of bias and somewhat open to suspicion but where such evidence establishes a completed gift as above defined and is free from contradiction and the witnesses are unimpeached and there are no circumstances casting doubt upon their truthfulness, the Court is bound to accept it. Voltz v. Treadway & Marlatt, 6 Cir., 59 F.2d 643.

Every essential element to constitute a completed gift of the stock to his wife before the sale is clearly established by the evidence and there are no circumstances in connection with it or inferences to be drawn therefrom casting doubt on the good faith intention on the part of plaintiff to divest himself of title to the stock.

The fact that after transferring the shares to his wife, he immediately came into physical possession of them without re-transfer on the books of the corporation is of no weight. Beaumont v. Beaumont, 3 Cir., 152 F. 55. What his wife did with the proceeds of the sale after she received them is immaterial. Marshall v. Commissioner, 6 Cir., 57 F.2d 633.

As I view the evidence, the conclusion is inescapable that the Commissioner erred in including in plaintiff's taxable income the profit realized on the sale of 69 shares held by his wife. Compare Dulin v. Commissioner, 6 Cir., 70 F.2d 828; Bardach v. Commissioner, 6 Cir., 90 F.2d 323; Rosenwald v. Commissioner, 7 Cir., 33 F.2d 423; Richardson v. Smith, 2 Cir., 102 F.2d 697.

Counsel for the respective parties will submit findings of fact and conclusions of law conformable to this question.